Determination of respondent Department of Consumer Affairs (DCA), dated March 13, 2013, which, after a hearing, determined that petitioners violated Administrative Code of the City of New York § 20-254 (c), imposed monetary penalties, and revoked the pedicab license of petitioner Cycle Stone, Inc., unanimously annulled, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Doris Ling-Cohan, J.], entered May 15, 2013), granted.
Upon randomly stopping a pedicab owned by petitioner Cycle Stone and operated by petitioner Diallo, who had leased it for the day, officers of the New York City Department of Parks and Recreation subjected it to an inspection and issued citations, in *423 the form of “notices of hearing,” to both owner and driver, charging that the pedicab’s taillights and turn lights were nonoperational, in violation of Administrative Code § 20-254. Diallo was charged with a third infraction for failing to issue a receipt to his passengers. Although Cycle Stone was not expressly apprised that the agency was considering revocation of its license if the violations were sustained at the hearing, we find that the notice and hearing requirements of due process were satisfied. Petitioners are charged with the knowledge that Administrative Code of the City of New York § 20-261 (a) (4) authorizes the Commissioner to suspend or revoke a pedicab business license for (inter alia) violation of “any . . . law applicable to the operation of a pedicab business.” Further, the record makes clear that petitioners’ counsel was aware of the possible penalties and made specific arguments against revocation of Cycle Stone’s license.
However, the DCA’s determination must be annulled. Although we agree with respondent that the pedicab industry is pervasively regulated and that under the “closely regulated business exception,” a warrant is not a prerequisite for a finding that the inspection was constitutional (see People v Quackenbush, 88 NY2d 534, 542 [1996]), we find that the officers’ conduct was not reasonable within the meaning of the Fourth Amendment and article I, § 12 of the New York State Constitution. Even assuming a compelling government interest in surprise inspections of pedicabs in the absence of particularized suspicion, such stops do not meet constitutional standards unless “undertaken by ‘some system or uniform procedure, and not gratuitously or by individually discriminatory selection’ ” (Quackenbush, 88 NY2d at 544 n 5, quoting People v Ingle, 36 NY2d 413, 419 [1975]). The record indicates that petitioners’ pedicab was selected for on-the-spot inspection based on the discretion of one or more officers, not pursuant to a uniform procedure or subject to any objective standard.
Further, on the facts of this case, the exclusionary rule applies to bar use of the evidence at the administrative proceeding, based on a “ ‘balancing [of] the foreseeable deterrent effect against the adverse impact of suppression upon the truth-finding process’ ” (Matter of Boyd v Constantine, 81 NY2d 189, 195 [1993], quoting People v Drain, 73 NY2d 107, 110 [1989]). Concur — Tom, J.E, Friedman, DeGrasse, Feinman and Gische, JJ.